JASPER E. JONES, Judge.
Plaintiff, Joyce Walker Davis, instituted this suit against Southern Gulf Transport, Inc., (Southern Gulf) its primary insurer, Early American Insurance Company and its excess insurer, Beacon Insurance Company to recover damages sustained in an automobile accident. Plaintiff was awarded a judgment for $250,000.00 plus legal interest from judicial demand against Southern Gulf and Early American, in soli-do. She was awarded a judgment against Southern Gulf and Beacon, in solido, for $14,941.92 plus legal interest from judicial demand.
Subsequent to the trial court judgment, the Louisiana Insurance Guaranty Association (LIGA) intervened and aligned itself as Southern Gulfs primary insurer due to the insolvency of Early American. LIGA obligated itself to pay any judgment rendered against Southern Gulf up to $50,000.00 less a $100.00 deductible pursuant to LSA-R.S. 22:1379 et seq.
Plaintiff, Southern Gulf and LIGA appealed. We amended the trial court judgment to cast Southern Gulf, Early American and LIGA in judgment, in solido, for the sum of $50,000.00 less a $100.00 credit for LIGA to compensate for its $100.00 deductible. We further amended the judgment to cast Southern Gulf and Early American in judgment, in solido, for the sum of $200,000.00. We otherwise affirmed the judgment which contained the following subrogation provision recognizing the rights of Great American Insurance Company, the worker’s compensation insurer of Southern Gulf:
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the in-tervener, GREAT AMERICAN INSURANCE COMPANY, shall be entitled to be paid out of the above-mentioned award of JOYCE WALKER DAVIS, the sum of Nineteen Thousand One Hundred One and 76/100 ($19,101.76) Dollars, and that the right of GREAT AMERICAN INSURANCE COMPANY to such amount shall take precedence over the rights of JOYCE WALKER DAVIS. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that as to any additional amounts that it may pay JOYCE WALKER DAVIS under the Louisiana Workman’s Compansation Law, GREAT AMERICAN INSURANCE COMPANY shall enjoy the rights set forth in R.S. 23:1103.” [1]
On appeal the plaintiff made no assignment of error related to the provision in the judgment protecting the subrogation rights of Great American, nor did she raise any issue, whatsoever, as to the applicability of Great American’s subrogation rights to her claim against the Louisiana Insurance Guaranty Association. After our unpublished opinion was rendered, plaintiff applied to the Louisiana Supreme Court for writs seeking a judicial declaration that the subrogation rights of Great American were inapplicable to her judgment against LIGA and the supreme court granted the writ and remanded the case to us to resolve the issue.
Great American’s subrogation rights related to plaintiff’s judgment against LIGA must be resolved by determining whether Great American’s claim is a covered claim within the contemplation of LSA-R.S. 22:1379 of the Insurance Guaranty Association Law. Ursin v. Insurance Guaranty Association, 412 So.2d 1285 (La.1982).
*731 Great American concedes in brief its claim for worker’s compensation paid to plaintiff is not a covered claim under LSA-R.S. 22:1379(3).[2] Since Great American is an insurer and its claim is in the nature of subrogaion, it concedes it is not entitled to recover, from the LIGA fund, the $19,-101.76 it paid plaintiff in worker’s compensation. However, Great American contends it is entitled to credit or setoff, under LSA-R.S. 23:1103, the entire amount of the LIGA fund received by plaintiff against any future compensation benefits it might be required to pay.
Plaintiff contends Great American is not entitled to credit or setoff the amount she received from LIGA against any future compensation Great American may owe because such a claim is excluded by LSA-R.S. 22:1379(3). Plaintiff argues Great American is seeking to do indirectly what it concedes it is not entitled to do directly.
Under LSA-R.S. 22:1379(3) any amount due any insurer as subrogation recoveries or otherwise is excluded from the definition of a covered claim. The court in Ursin v. Insurance Guaranty Association, supra, interpreted this statute and stated “ ... any amount due any insurer as subrogation recoveries or otherwise is excluded from the definition of a covered claim. The language used is very broad and seems to encompass amounts due an insurer for any reason whatsoever.”
Great American is an insurer and its claim to a right to credit or setoff the proceeds plaintiff receives from LIGA against any future compensation plaintiff may receive is in the nature of subrogation benefits. Therefore, by the express language in LSA-R.S. 22:1379(3), Great American is not entitled to credit any amount plaintiff may receive from LIGA against any future compensation Great American may owe plaintiff.
The last paragraph of the trial court judgment which relates to the worker’s compensation subrogation claim of Great American Insurance Company is amended to add to the end of it the following provisions:
“ ... provided, however, that none of the $19,101.76 may be collected from Louisiana Insurance Guaranty Association pursuant to plaintiff’s judgment against it, nor may any of Great American Insurance Company’s future compensation liability to the plaintiff be reduced pursuant to LSA-R.S. 22:1103 by any amount she may collect on her judgment against Louisiana Insurance Guaranty Association.”
AS AMENDED IN OUR ORIGINAL OPINION AND AS HERE AMENDED, THE JUDGMENT IS AFFIRMED with all costs on appeal assesed one-half against the defendants-appellants and one-half against the intervener, Great American Insurance Company.

. LSA-R.S. 23:1103 provides in pertinent part:
“In the event that the employer or the employee or his dependent becomes party plaintiff in a suit against a third person, as provided in R.S. 23:1102, and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent; and if the damages are not sufficient or are sufficient only to reimburse the employer for the compensation which he has actually paid, such damages shall be assessed solely in his favor; but if the damages are more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee or his dependent, and upon payment thereof to the employee or his dependent, the liability of the employer for compensation shall cease for such part of the compensation due, computed at six per cent per annum, and shall be satisfied by such payment.”

. LSA-R.S. 22:1379(3) provides:
“(3) 'Covered claim’ means an unpaid claim, including one for unearned premiums, which arises out of and is within the coverage and not in excess of the applicable limits of an insurance policy to which this Part applies issued by an insurer, if such insurer becomes an insolvent insurer after September 1, 1970 and (a) the claimant or insured is a resident of this state at the time of the insured event; or (b) the property from which the claim arises is permanently located in this state. ‘Covered claim’ shall not include any amount due any reinsurer, insurer, insurance pool, or underwriting association, as subrogation recoveries or otherwise.”